THE PEOPLE *ex rel.* Jack Lusk, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1911.*

1. TAXES—*the tax to pay damages for laying out roads is not authorized unless damages have been agreed upon.* The tax to pay damages for laying out, widening, altering or vacating roads, which is authorized by section 15 of the Roads and Bridges act, cannot be sustained unless it appears from the record of the commissioners of highways that damages have accrued and that they have been agreed upon, allowed or awarded by the commissioners for one or more of such purposes; and it is not sufficient that the money is needed for general road purposes, for which a levy is authorized by section 13 of said act.

2. SAME—*when description of land is too uncertain to sustain tax levy.* Descriptions of two tracts of land, one reading, "on a part of the south-east quarter of the south-east quarter of section 3, township 9, south, range 6, east, 19.05 acres," and the other reading, "on a pt. west pt. S. E. N. E. and N. W. N. E. sec. 10, township 9, south, range 6, east," in a certain county, are so indefinite as to render the tax levies void.

3. SAME—*right of county clerk to plat lands for taxation.* If a property owner, after notice, neglects and refuses to plat his lands so that they can be correctly described for the purpose of taxation, the lands may be platted by the county clerk under the provisions of section 62 of the Revenue act.

APPEAL from the County Court of Saline county; the Hon. K. C. RONALDS, Judge, presiding.

P. J. KOLB, and W. F. SCOTT, (GLENNON, CARY, WALKER & HOWE, of counsel,) for appellant.

W. H. STEAD, Attorney General, and W. C. KANE, State's Attorney, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale by the collector of Saline county against the property of the appellant for certain taxes levied in the year 1910. The

appellant appeared and filed objections and the same were sustained in part and overruled in part, and judgment and order of sale were rendered against the appellant's property for an additional tax levy of $111.96 in the town of East Eldorado and an additional tax levy of $39.19 in the town of Raleigh, under section 15 of the Roads and Bridges act, "for the payment of damages which have been agreed upon, allowed and awarded for laying out, widening, altering and vacating roads" in said respective towns; for $8.37 levied "on a part of the south-east quarter of the south-east quarter of section 3, township 9, south, range 6, east, 19.05 acres," and for $13.94 levied "on a pt. west pt. S.E. N.E. and N.W.N.E. sec. 10, township 9, south, range 6, east," in Saline county. This appeal has been prosecuted by the railway company.

It appeared from the records of the town clerks in said towns that no damages had been agreed upon, allowed and awarded for laying out, widening, altering and vacating roads in either of said towns, and the oral testimony of the commissioners of highways given on the hearing of said objections tended to show that said tax levies had been made for general road purposes in said towns and should have been made under section 13 of the Roads and Bridges act, and if the power to make a levy under that section had been exhausted, then under section 14, if a contingency existed which would authorize an additional levy. Section 15 reads as follows: "When damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads, the amounts of such damages, not to exceed for any one year, twenty cents on each $100 of the taxable property of the town, shall be included in the first succeeding tax levy, provided for in section 13 of this act, and be in addition to the levy for road and bridge purposes; and when collected shall constitute and be held by the treasurer of the commission-

ers as a separate fund to be paid out to the parties entitled
to receive the same." (Hurd's Stat. chap. 121, p. 1914.)

It is too clear for argument that no valid tax levy can
be made under section 15 to raise a fund with which to
pay damages for the purposes named in said section unless
it appears that damages have accrued, and that they have
been agreed upon, allowed or awarded by the commission-
ers of highways for some one or more of the purposes spe-
cified under section 15, and that a tax levy for the purpose
specified in section 13 cannot be made under section 15.
Section 10 of the Roads and Bridges act provides that the
town clerk shall be *ex officio* clerk of the commissioners of
highways, and that he shall keep a record of all the offi-
cial acts and proceedings of the commissioners. The tax-
payer of the town, when his property is to be subjected
to the payment of a tax, has the right to be informed by
the record as to the liabilities of the town and for what
purpose his property is being taxed. A valid tax levy can
not be made for the purposes specified in section 15 unless
the record required to be kept by the town clerk shows that
the damages for some one of the purposes specified in sec-
tion 15 have been agreed upon and allowed or awarded to
the property owner by the commissioners of highways. As
it appears there was no valid basis for said town levies,
the county court erred in rendering judgment and order of
sale for said additional tax in said towns.

It is also apparent, we think, that the description of the
two tracts of land against which judgment and order of
sale were sought are so uncertain and indefinite as to make
those tax levies void. (*Olcott* v. *State,* 5 Gilm. 481; *Pry*
v. *Pry,* 109 Ill. 466; *Brickey* v. *English,* 129 id. 646; *Lan-
cey* v. *Brock,* 110 id. 609.) If the appellant, on notice,
neglected and refused to plat its lands so that they can be
correctly described for the purpose of taxation the same can
be platted by the county clerk under the provisions of sec-
tion 62 of the Revenue act. (Hurd's Stat. 1909, p. 1836.)

We are of the opinion the county court erred in rendering judgment and order of sale against appellant's property.

The judgment of the county court will be reversed and the cause remanded.    *Reversed and remanded.*