THE PEOPLE *ex rel.* O. B. Wysong, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*effect of amendment of 1911 to section 14 of Roads and Bridges act.* The purpose of section 14 of the Roads and Bridges act, as amended in 1911, is to authorize an additional tax levy of twenty-five cents on the $100 for any purpose for which road and bridge taxes may be levied, provided the conditions of the statute are complied with; and it does not create a special fund, as did the act of 1901, nor require the existence of a contingency, as did the act of 1883 and its amendments prior to 1911.

2. SAME—*a tax to pay assessment of drainage benefits may be levied under section 15 of Roads and Bridges act.* A tax to pay a drainage assessment against a township for benefits to its highways may properly be levied under section 15 of the Roads and Bridges act, which provides for a tax for the purpose of the liquidation of damages for ditching to drain roads in a township.

3. SAME—*park, library and tuberculosis sanitarium taxes are subject to scaling.* Under paragraph 343b of the Revenue act, (Hurd's Stat. 1911, p. 1972,) park, library and tuberculosis sanitarium taxes are subject to scaling when a reduction of the aggregate rate of taxes becomes necessary under the law.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

LINDLEY, PENWELL & LINDLEY, for appellant.

J. H. LEWMAN, State's Attorney, and O. M. JONES, (H. A. SWALLOW, and C. M. CRAYTON, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

At the June term, 1912, of the county court of Vermilion county the Wabash Railroad Company filed objections to the application of the county collector for judgment against its property for a part of the road and bridge taxes in Catlin, Vance and Danville townships and a por-

tion of the city tax in the city of Danville. The objection was sustained as to a part of the city tax in Danville and overruled as to the road and bridge taxes in the other municipalities. The railroad company has perfected an appeal to this court.

The highway commissioners of Catlin township levied thirty-six cents for road and bridge purposes under section 13 of the Road and Bridge law, and an additional twenty-five cents was levied under section 14 by the consent of the board of auditors and assessor. The reason for the additional levy of twenty-five cents, as stated in the certificate of the highway commissioners and also repeated in the written consent of the board of town auditors and assessor, is, that the said additional levy was required "for the purpose of raising money to finish paying for the new bridge constructed over Salt Fork river at Butler's ford, and also for the purpose of raising a sufficient sum to pay for the necessary repairs and improvement on the roads and bridges of said township." The appellant's objection to this additional tax is that it is a levy for a purpose which is provided for by the thirty-six cents on the $100 which may be levied under section 13 of the statute. The proper construction of section 14 as amended in 1911 has received the consideration of this court at the present term in the cases of *People v. DeKalb and Great Western Railroad Co. (ante,* p. 290,). and *People v. Cairo, Vincennes and Chicago Railway Co. (ante,* p. 286.) For the reasons given in those cases appellant's objection to this tax was properly overruled.

If additional reasons in support of the construction placed upon section 14 as amended in 1911 were required, we think they may be found by a brief review of the several changes that have been made in section 14 since it first appeared in the statutes of 1883. That section as it then appeared in the statutes provided that if in the opinion of the commissioners "a greater levy is needed in view

of some contingency" they might certify the same to the
board of town auditors and the assessor, and obtain their
consent, in writing, to an additional levy of not exceeding
"forty cents on the $100 of the taxable property of the
town." The section remained without change until 1901,
when it was re-written, omitting the words "in view of
some contingency," but requiring the consent, in writing,
of the board of auditors and the assessor, which should
"definitely and specifically direct the particular purposes to
which the same [the additional tax] shall be solely ap-
plied," and the section further provided that the commis-
sioners should not use any part of said fund for any other
purpose than that stated in the consent of the board of
town auditors and assessor, "without the further consent
of said board," and it made the highway commissioners
guilty of misappropriating the same if so used without
such consent. The section remained in this form until
1903. So far as we have been able to ascertain, only two
cases were presented to this court involving the construc-
tion of section 14 as amended in 1901. These cases are
*Chicago and Northwestern Railway Co.* v. *People*, 200 Ill.
141, and *People* v. *Chicago and Alton Railroad Co.* 205 id.
594. In both these cases it was held that the effect of
the amendment of 1901 was to create a special fund of
the additional levy, which was to be separated from the
other road and bridge funds and used only for the specific
purposes designated in the written consent of the board
of town auditors and assessor, and that it was necessary
that the consent of the board should specifically state the
particular purposes of the additional levy, and that such
statement was a jurisdictional pre-requisite to the right to
levy the additional tax. In both of these cases the judg-
ments were reversed and the causes remanded. In the
*Chicago and Northwestern case* the judgment was reversed
because the highway commissioners had made no attempt
to comply with section 14 as amended in 1901. In fact,

they testified very frankly that they did not know that section 14 had been changed. In the *Chicago and Alton case* the judgment was reversed because the certificate merely recited that the additional tax was "needed in said town in view of the contingency of floods, building and repairing of bridges," which was held not to be a definite and specific statement of the purposes for which the additional tax was required. In 1903 the legislature repealed section 14 as amended in 1901 and re-enacted the same as it had been from 1883 to 1901. In 1909 the section was again amended, the only change being a reduction in the rate from forty cents to twenty-five cents on the $100 which might be levied. In 1911 the section was again amended, omitting the words "in view of some contingency" and inserting the requirement that the commissioners should state in their certificate the "reason therefor." The statute in its present form is somewhat similar to the amendment of 1901 in that the words "in view of some contingency" are omitted from both enactments, but it is unlike the amendment of 1901 in that it does not require that the additional levy shall be set apart and used only for the specific purposes mentioned in the consent of the town auditors.

The frequent changes that have been made in this section of the statute suggest that the legislature desired to authorize an additional levy under section 14, subject to certain limitations and conditions, and had failed to accomplish the real purpose in view of the constructions placed on the limitations by this court. The clear intention of the present statute is to authorize the levy of twenty-five cents additional tax for any purpose for which road taxes may be levied, by complying with the conditions stated in the statute. It does not create a special fund, as did the statute of 1901, nor does it require the existence of a contingency, as did the original act of 1883 and subsequent amendments prior to 1911.

The road commissioners of Catlin township also levied twenty cents on the $100, under section 15 of the Road and Bridge law, "for the purpose of the liquidation of damages for ditching to drain roads in said township." This tax is objected to by appellant because, it is said, no damages had been agreed upon, allowed or awarded, and because it did not appear that the commissioners intended to create a separate fund for such purposes. This court held in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 252 Ill. 395, that taxes could only be levied under section 15 for the purposes stated in said section, and that it was not sufficient to justify the levy under that section that the money was needed for general road purposes, for which a levy is authorized by section 13 of the act; that said section only authorized a levy to pay damages agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads. The evidence in this case shows that this additional twenty cents was levied for the purpose of paying an assessment against the township made by a drainage district. Section 55 of the Levee act provides that when the drainage assessment is made against a township the highway commissioners shall cause a levy to be made to pay the same under sections 13, 14, 15 and 16 of the Road and Bridge act. This court, in *Commissioners of Highways* v. *Drainage District,* 207 Ill. 17, held that where a drainage district levied an assessment against a township for the benefits received by its highways, it was legal for the highway commissioners to levy a tax to pay such assessment under section 15 of the Road and Bridge act. That case is authority for the levy of the twenty cents on the $100 under section 15. The objections to the road and bridge tax in Catlin township were properly overruled.

In Vance township the commissioners, with the written consent of the board of town auditors, levied a tax of thirty-six cents under section 13 and an additional tax of

twenty-five cents under section 14, "for the purpose of
finishing paying for a new bridge over Salt Fork river,
and for the further reason that the thirty-six cent rate
would not raise a sufficient sum to pay all the necessary
repairs and improvements on roads and bridges." The
commissioners also levied twenty cents in this township
under section 15, and it was stipulated by the parties that
said levy under section 15 was "to cover certain drainage
assessments made by the commissioners of drainage dis-
trict No. 1 of the townships of Vance and Catlin against
the township of Vance." This tax was also objected to
by appellant for the same reasons upon which the objection
to a similar tax was based in Catlin township. The ob-
jections to the twenty-five cent additional tax under sec-
tion 14 and the twenty cent levy under section 15 have
been sufficiently discussed above in considering similar ob-
jections as to Catlin township. For the reasons already
given those objections were properly overruled.

In the town of Danville the highway commissioners
levied thirty-six cents on the $100 under section 13 of the
Road and Bridge act and thereupon certified to the board
of town auditors and assessor that an additional levy was
needed in said town, and the board of town auditors gave
their consent, in writing, to an additional levy in the sum
of five cents on each $100. The reasons therefor and the
estimated cost of the improvements to be made were as
follows: Opening up new road at Atherton cemetery,
$1000; two new bridges on Hungry Hollow road, $1000;
one new bridge on Jones road, $1000; one new bridge on
Georgetown road, $1000; one new bridge on Batestown
road, $500; one new bridge on Leverich road, $300. A
tax aggregating forty-one cents on the $100 was accord-
ingly levied in said township. The objection to the addi-
tional tax of five cents on the $100 in this township is the
same objection that has already been considered above in

reference to the additional tax in Catlin and Vance townships. The objection to this tax was properly overruled.

Appellant objected to an excess in the levy in the city of Danville of six and two-tenths per cent. This excess amounted to $32.71 in the taxes of appellant. The court sustained this objection in part and reduced the appellant's taxes $17.45 and overruled it as to $15.26. The excess results from a failure of the county clerk to scale the park, library and tuberculosis sanitarium taxes, as required by paragraph 343*b* of the Revenue act. (Hurd's Stat. 1911, p. 1972.) These taxes were subject, under the statute, to be scaled. (*People* v. *Chicago and Eastern Illinois Railroad Co.* 248 Ill. 596.) The taxes levied in the city of Danville for general purposes required a rate of $1.25 to produce the amount levied, and an additional forty cents to produce the amount required for park, library and tuberculosis sanitarium and bonded indebtedness purposes. The county clerk added the latter rate of forty cents to the $1.25, making a total of $1.65, and then reduced the total five cents, leaving the rate $1.60. The five cents taken off was manifestly the excess over $1.20, which is the maximum rate allowed in cities of less than 150,000 inhabitants, and did not reduce the taxes levied for park, library and tuberculosis sanitarium at all. The five cents taken off the $1.25 was clearly an excess in the levy for general purposes and did not reduce the other taxes that were subject to scaling. This was an error. The objection should have been sustained to the excess of $15.26 in these taxes.

The judgment of the county court of Vermilion county is affirmed as to all the taxes involved except as to the excess of the city taxes in the city of Danville. As to that item the judgment is reversed and the cause remanded to the county court, with directions to sustain the objection to the excess of the city taxes.

*Affirmed in part and remanded, with directions.*