THE PEOPLE *ex rel.* Harry R. Smith, County Collector, Appellee, *vs.* THE CHICAGO, INDIANA AND SOUTHERN RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*county board has power to levy a tax for State aid roads.* The legislature having made the construction or improvement of State aid roads a county purpose and provided that an acceptance by the county board of the allotment made by the State highway commission may be made by giving notice that a tax has been assessed, it follows that the county board has authority to levy such tax under its power to levy taxes for county purposes. (*People* v. *Kankakee and Seneca Railroad Co. ante,* p. 497, followed.)

2. SAME—*what necessary to authorize additional tax for damages for altering or ditching roads.* No tax can be levied for any of the purposes specified in section 58 of the Roads and Bridges law, which permits an additional tax levy to pay damages allowed, awarded or agreed upon for the purpose of laying out, widening, vacating or altering roads or for ditching to drain roads, unless the record of the highway commissioners shows that damages for some one of those purposes have been agreed upon, allowed or awarded to a property owner.

3. SAME—*the certificate should show the amount necessary to be raised to pay damages.* Under section 58 of the Roads and Bridges law the certificate of the highway commissioners should show, in dollars and cents, the amount necessary to be raised by taxation to pay damages allowed, awarded or agreed upon for the purposes specified, and it is not sufficient to merely state that such amount is equal to ten cents on each $100 valuation.

4. SAME—*when a district road tax is invalid.* A district road tax attempted to be levied against land by the board of supervisors on the overseers' delinquent lists after the repeal by the Roads and Bridges act of 1913 of the law authorizing such levy is invalid. (*People* v. *Chicago, Indiana and Southern Railroad Co.. ante,* p. 528, followed.)

APPEAL from the County Court of Bureau county; the Hon. JAMES R. PRICHARD, Judge, presiding.

WATTS A. & CAREY R. JOHNSON, for appellant.

C. N. HOLLERICH, State's Attorney, for appellee.

Per CURIAM : The county court of Bureau county overruled objections of the appellant to the application of the county collector for judgment against its property for a county tax levied for State aid roads, an additional road and bridge tax of the town of Selby and the district road tax in five road districts of the town of Hall, and entered judgment with an order of sale of the property to pay the taxes. An appeal was taken from the judgment.

The county tax, levied by virtue of a resolution of the county board, included as one of the items an amount for State aid roads. The objection of the appellant was that the only methods by which funds could be provided for State aid roads were those mentioned in section 22 of the Road and Bridge law, by an appropriation from funds in the county treasury or by submitting to a vote of the people the question of issuing bonds. We considered that question in *People* v. *Kankakee and Seneca Railroad Co.* (*ante,* p. 497,) and there decided that the General Assembly having made the construction or improvement of State aid roads a county purpose and provided that an acceptance by the State highway commission may be made by giving notice that a tax has been assessed, the county board has authority to levy a tax under its general power to levy taxes for county purposes. Such a tax is legal. It fol-

lows that the court did not err in overruling the objection to the tax in question.

The commissioners of highways of the town of Selby certified to the county board a tax of sixty-one cents on each $100 valuation of the taxable property in the town for the construction, maintenance and repair of roads and bridges, under the authority of section 56 of the Road and Bridge law, and added the following certificate: "And we hereby further certify that the amount agreed upon, allowed or awarded as damages for laying out, widening, altering or vacating roads or for ditching to drain roads is an amount equal to ten (10) cents on each $100." An additional tax was levied by the county board by virtue of this certificate and is the tax objected to. The town clerk was a witness and identified the records of the highway commissioners, and testified that the only record relating to the additional tax was the certificate. He was then asked whether any damages had been allowed, awarded or agreed upon for the purpose, or for laying out, widening, vacating or altering roads, or for ditching to drain roads, and the court sustained an objection to the question. No tax can be levied for any of the purposes specified in section 58 of the Road and Bridge law, which permits an additional levy to pay damages allowed, awarded or agreed upon for the purpose of laying out, widening, vacating or altering roads or for ditching to drain roads, unless the record of the highway commissioners shows that damages for some one of those purposes have been agreed upon, allowed or awarded to a property owner. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 252 Ill. 395; *People* v. *Chicago, Burlington and Quincy Railroad Co.* id. 482.) In both of those cases there was oral testimony that no damages had been agreed upon, allowed or awarded, but in this case that fact already appeared from the record, and it is immaterial whether oral proof was admissible. The record showed that a proper basis for the levy of the tax

did not exist, and the court erred in overruling the objection to the tax. The certificate stated that the amount required was equal to ten cents on each $100 valuation, while section 58 requires the commissioners to specify in their certificate the amount necessary to be raised by taxation for the purpose of paying damages. A tax-payer has a right to know from the certificate the amount levied as a tax, so that he need not go to the tax records to find the total valuation of property and make computations to learn what the rate of ten cents would amount to.

Prior to the enactment of the present Road and Bridge law, which took effect July 1, 1913, the town of Hall was under the labor system. A district road tax was assessed and the list was made and subscribed by the commissioners and filed in the office of the town clerk on May 19, 1913, under the law then in force. The appellant had property in five road districts and was one of the property owners who did not pay the tax in labor. The county board levied the tax on the property of appellant, and it objected that the overseers of highways in the respective districts had no authority after July 1, 1913, to deliver to the supervisor any tax list under the repealed law and the county board had no authority to cause any amount of the unpaid tax to be levied. This question has received the consideration of the court at the present term in *People* v. *Chicago, Indiana and Southern Railroad Co.* (*ante*, p. 528,) and *People* v. *Baltimore and Ohio Southwestern Railroad Co.* (*ante*, p. 591,) and for the reasons given in those cases the objections to the taxes levied as delinquent upon the report of the overseers should have been sustained.

The judgment is affirmed as to the county tax and is reversed as to all other taxes, and the cause is remanded to the county court, with directions to sustain the objections to such other taxes.

*Reversed in part and remanded, with directions.*