THE PEOPLE *ex rel.* P. L. Dorris, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1915.*

TAXES—*county board cannot levy taxes by percentages.* Except as to the tax for a mothers' pension fund, which the statute commands the county board to levy at the rate of three cents on each $100 of taxable property, the county board, in levying taxes for county purposes, must specify separately in the certificate the amount levied for each purpose, and it is not sufficient merely to specify the rate per cent.

APPEAL from the County Court of Saline county; the Hon. C. D. STILWELL, Judge, presiding.

P. J. KOLB, and W. F. SCOTT, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

SAM THOMPSON, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county board of Saline county adopted a resolution levying a county tax of seventy-five cents on each $100 assessed valuation of taxable property, to be appropriated as follows:  Thirty-five per cent for court costs and expenses; twenty per cent for keeping and maintaining the poor;

twenty per cent for salaries of county officers; five per cent for books and stationery; three per cent for fuel; two per cent for janitor's services; five per cent for feeding and caring for prisoners; five per cent to pay special assessments; five per cent for repairing and building purposes; and adopted a further resolution levying three per cent on each $100 of taxable property for a mothers' pension fund. The appellant, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, did not pay the county tax assessed against its property, and on application of the county collector for judgment objected to the tax on the ground that the levy exceeded the constitutional limit and the county board did not appropriate specific amounts for the various county purposes. The court sustained the objection that the levy exceeded the constitutional limit and refused judgment for $126.92 and rendered judgment for the remainder.

The statute required the county board, at its September session, to determine the amount of all county taxes for all purposes, and when for several purposes to state the amount for each purpose separately. A similar provision concerning the levy of taxes for school purposes was disregarded in the case of *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, and the court said it was clear that the statute contemplated a certificate stating the amount required, but, while no reasonable excuse could be discovered for a departure from the plain requirements of the law, the court was not prepared to hold the action of the directors in levying a rate rather than specifying the amount, to be absolutely void. A school tax levied by a rate per cent was afterward in question in the case of *Chicago and Alton Railroad Co.* v. *People,* 205 Ill. 625, and it was said that the court was not inclined to depart from the rule announced in the former case. In *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, the county board fixed a total rate of seventy-five cents on each $100

valuation of property but did not comply with the requirement that when the taxes are for several purposes the .amount for each purpose must be stated separately. The court said that the plain reading of the statute required the county board to fix the aggregate amount required, but the objection that such aggregate amount was not so fixed, standing alone, would not defeat the tax, but the failure to state separately the amounts required for the separate purposes was fatal. Of course, if the amounts for the several purposes had been stated the aggregate amount of all would be readily ascertained, regardless of the manner in which it was levied. In *People* v. *Chicago and Alton Railroad Co.* 248 Ill. 87, the former decisions were referred to, and it was stated that the commissioners of highways in levying a tax were not authorized to certify to a rate per cent and the clerk was to ascertain the rate within the statutory limit, but the previous decisions were followed. Afterward, in the case of *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 Ill. 622, a certificate of commissioners of highways required a levy of ten cents on each $100 valuation of taxable property, and the right and interest of the taxpayer in such a case were considered from a standpoint not before presented to or passed upon by the court. The tax was held void, and the court said that a tax-payer has a right to know from the certificate the amount levied as a tax, so that he need not go to the tax records to find the total value of the property and make computations to find what a specified rate would amount to. A rate per cent of the taxable property of a county means nothing definite to the tax-payer, who can only determine the amount when the board of review and State Board of Equalization have completed their work, and then only by a compilation of amounts and a computation to ascertain the amount of money devoted to a particular purpose. There cannot be one rule of law for commissioners of highways and another for county boards, and the question of the legality of a tax

levy by percentages was finally settled in that case. The statute commands the county board to levy a tax of three cents on each $100 of taxable property for a mothers' pension fund, which takes that tax out of the statutory requirement that the amounts for separate purposes must be separately stated. For other county purposes the statute is mandatory that the amounts shall be stated.

The judgment is reversed and the cause is remanded, with directions to sustain the objection to the county tax, except as to the tax for the mothers' pension fund, which was legally levied.

*Reversed and remanded, with directions.*