(No. 10976.)

THE PEOPLE *ex rel.* Oldon C. Cofoid, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1916.*

1. TAXES—*tax-payer must be informed of the amount required for educational and building purposes.* Under section 190 of the School law the certificate of the board of directors to the township treasurer must inform the tax-payer of the amount to be raised for educational and building purposes.

2. SAME—*a rate per cent gives no information of amount to be raised.* A rate per cent in a certificate of school directors for school taxes means nothing definite as to amounts, either to the tax-payer or the school directors, and a certificate giving a percentage, only, is not a compliance with section 190 of the School law. .

APPEAL from the County Court of Putnam county; the Hon. IRVING E. BROADDUS, Judge, presiding.

WATTS A. & CAREY R. JOHNSON, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Putnam county overruled objections of the appellant, the New York Central Railroad Company, to the application of the county collector for judgment against the property of appellant for a school tax in district No. 6, amounting to $937.02, and entered judgment with an order of sale to satisfy the judgment.

Section 190 of the School law requires the board of directors of each school district to ascertain, as near as practicable, annually, how much money must be raised by special taxation for educational and for building purposes for the next ensuing year and to certify such amounts to the township treasurer, who shall return the certificate to the county clerk. (Laws of 1909, p. 394.) The following

form of certificate is provided: "We hereby certify that we require the sum of ........ dollars, to be levied as a special tax for educational purposes, and the sum of ........ dollars to be levied as a special tax for building purposes, on the equalized assessed value of the taxable property of our district, for the year 1..." The directors of school district No. 6 made the following certificate: "We hereby certify that we require the amount of one & one-half % dollars to be levied as a special tax for school purposes and one & one-half % dollars for building purposes on the taxable property of our district, lying in Putnam county, for the year 1915." The certificate was filed in the office of the county clerk and the tax was extended against the property of the appellant for $937.02, being one and a half per cent of the taxable property for school purposes and a like percentage for building purposes.

If the certificate were taken literally the amounts certified aggregated only three dollars, which evidently was not intended, and the county clerk interpreted the certificate as calling for a levy of a rate of one and a half per cent for educational and one and a half per cent for building purposes and extended the tax accordingly. It is important to the tax-payer that he should know how much money is to be raised by taxation for educational purposes and building purposes, to which he is required to contribute according to the value of his property, and the General Assembly has provided that the certificate shall furnish that information. The form which the directors may use is set forth as a guide to them, so that the certificate may furnish to the tax-payer the information required for the protection of his interests. A rate per cent means nothing definite as to amounts, either to the tax-payer or the school directors, and a certificate giving a percentage, only, is not a compliance with the law. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 633.) The requirement of the law having been disregarded, the court erred in

overruling the objections, which were all based on the insufficiency of the certificate.

The judgment is reversed and the cause remanded, with directions to sustain the objections to the tax.

*Reversed and remanded, with directions.*