(No. 11120.—Reversed and remanded.)
THE PEOPLE *ex rel.* John L. Bonar, County Collector, Appellee, *vs.* THE KANKAKEE AND SENECA RAILROAD COMPANY, Appellant.

*Opinion filed February 21, 1917.*

1. TAXES—*certificate for school tax levy should state amount in dollars and cents and not a percentage.* Section 190 of the School law, providing the form of the certificate for a tax levy, clearly intends that such certificate shall state the amount in dollars and cents and not a percentage.

2. SAME—*correct practice where an objection to a tax is faulty in form.* If an objection filed on application for judgment for taxes is so faulty in form as not to raise an objection to the tax intended the proper practice is to move to strike the objection from the files.

APPEAL from the County Court of Grundy county; the Hon. GEORGE BEDFORD, Judge, presiding.

W. R. HUNTER, and CORNELIUS REARDON, for appellant.

F. H. HAYES, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Grundy county to obtain judgment of $393.32 against appellant's property for a school tax in district No. 74, in said county. Appellant's objection to this tax, on the ground that the certificate of the board of education was not in accordance with the statute, was overruled and judgment entered. Thereafter this appeal was prayed and perfected from that judgment.

The certificate of the board of education objected to reads as follows: "We hereby certify that we require the sum of two per cent dollars to be levied as a special tax for educational purposes, and the sum of $500 to be levied as a special tax for building purposes, on the equalized assessed value of the taxable property of our district for the

year 1915." Section 190 of the School law provides that the board of education of each district "shall ascertain as near as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year," and provides further that the certificate may be in the following form, to-wit: "We hereby certify that we require the sum of ........ dollars, to be levied as a special tax for educational purposes," etc. (Hurd's Stat. 1916, p. 2388.) Manifestly, this section intended that the certificate for tax levy should state the amount in dollars and cents and not by a per cent, and in this case the board of education, in certifying the amount of the tax for educational purposes, inserted in the blank line, instead of the amount in dollars, "two per cent." This is conceded by counsel for appellee, but it is insisted that under the holdings of this court in *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, and *Chicago and Alton Railroad Co.* v. *People,* 205 id. 625, this very question was decided adversely to appellant's contention. We had occasion recently to consider and pass on these decisions with reference to this point in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 633, and there held, after a review of these and other authorities, that under the wording of the statute it was necessary to insert the amount in dollars and cents and not in rate per cent. To the same effect see *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 Ill. 622; *People* v. *Ross,* 271 id. 67; *People* v. *New York Central Railroad Co.* 271 id. 231; *People* v. *Illinois Central Railroad Co.* 272 id. 116.

The argument of counsel for appellee that there can properly be a distinction between the school tax and the road and bridge taxes, to which most of the decisions just cited refer, we think is without merit. The reading of the School law as to certifying the amount in dollars and cents rather than a rate per cent is more clear, if possible, than the wording of the Road and Bridge law on this question.

The suggestion of counsel that it is difficult for boards of education, at the time they have to make this certificate, to ascertain the exact amount in dollars and cents they will need for taxes and can more readily approximate by giving the rate per cent, and therefore the statute should be construed as they contend, cannot be sustained. The School law is so clear on this question that it does not require construction. If there is anything in the contention that the tax ought to be levied at a rate per cent rather than the amount in dollars and cents, that argument should be presented to the legislature and a change of the statute asked in that regard. The courts must enforce the statute as they find it.

Counsel for appellee further argue that the objection was properly overruled because it stated that it was to the "excess high school tax" in district 74, and there is no high school in that district and the tax was only the district school tax. The trial court so found in its order overruling the objection, but if the objection of appellant was so faulty in form as not to raise the objection to the district school taxes, the proper practice would have been to move to strike the objection from the files. This was not done, but the objection was considered as if it applied correctly to the ordinary district school tax of district 74, the court holding that the certificate for such tax was in proper form and overruling the objection.

The assignments of error were sufficient to present the questions here involved.

The judgment of the county court will be reversed and the cause remanded.          *Reversed and remanded.*