THE PEOPLE ex rel. Henry G. Hileman, County Collector, Appellee, vs. THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. TAXES—*when ballot is not sufficient to authorize additional county tax in excess of constitutional limit.* An additional county tax for the purpose of building a county jail cannot be levied so as to make the total tax in excess of the constitutional limit of seventy-five cents where the ballot authorizing the tax reads "For additional tax" and "Against additional tax," without reciting that the tax is in addition to the constitutional limit.

2. SAME—*tax for drainage assessments against a road district may be levied under section 58 of Road and Bridge act.* Assessments against a road district for benefits under the Drainage act are in the nature of damages awarded for ditching to drain roads, and a tax to pay the same may be levied under section 58 of the Road and Bridge act, where the record of the clerk of the road district shows that the amount was ordered paid pursuant to a writ of *mandamus* against the district.

APPEAL from the County Court of Union county; the Hon. ERNEST S. ALDEN, Judge, presiding.

CHARLES C. CRAWFORD, H. L. BROWNING, and JOSIAH WHITNEL, (EDWARD J. WHITE, of counsel,) for appellant.

R. WALLACE KARRAKER, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from the judgment of the county court of Union county overruling the objections of appellant to a part of the county tax and to the road and bridge damage tax of road district No. 10, in said county, for the year 1924.

On September 16, 1924, the board of county commissioners of Union county, having already levied a tax of 50 cents on the $100 for general county purposes and

25 cents on the $100 for county highway tax, deeming it advisable that a new county jail be built, adopted a resolution reciting that the sum of $9000 would be required in taxes in the county of Union for each of the years 1924 and 1925 in addition to the sum of 50 cents per $100 valuation levied for county purposes and the sum of 25 cents per $100 valuation levied for the maintenance of State aid roads, and that such excess was required in order to construct a county jail for the safekeeping of the county prisoners. The resolution provided that the question of levying such additional tax for the period of two successive years should be submitted to the people of the county at a regular election to be held on the first Tuesday following the first Monday in the month of November, 1924, and the county clerk was directed to prepare all the necessary blanks and ballots for the submission of such question to the voters. Pursuant to this resolution the county clerk issued a notice calling the election, in which it was stated that the purpose of the election was for voting for an additional tax to build a county jail or against an additional tax to build a county jail. At the general election on November 4, 1924, the proposition was submitted to a vote of the people, the ballot used being as follows:

| For additional tax of 13 cents on $100.00 assessed valuation for the years 1924 and 1925 for the purpose of constructing a county jail. | |
| --- | --- |
| Against additional tax of 13 cents on $100.00 assessed valuation for the years 1924 and 1925 for the purpose of constructing a county jail. | |

The proposition was carried, and the board of commissioners, at its meeting held on November 10, 1924, by resolution directed the county clerk to extend an additional tax of 13 cents on the $100 assessed value of all the taxable

property in said county for the purpose of erecting a new jail, said tax to be extended for the years 1924 and 1925.

It is contended by appellant that the election of November 4, 1924, did not authorize the extension of any part of the county tax at a rate in excess of the constitutional limitation contained in section 8 of article 9 of the constitution of 1870, which provides: "County authorities shall never assess taxes, the aggregate of which shall exceed 75 cents per $100 valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by vote of the people of the county."

It is the specific contention of appellant that before any taxes are authorized by a vote of the people in excess of a constitutional limitation it must be clearly and specifically brought to the attention of the voters that the tax is to be in excess of such limitation, and that the word "additional" in connection with the tax, as the same was used in the ballots at the election in question, did not mean that such tax was to be levied in excess of the rate allowed by law for all county purposes. Where, for the purpose of building a county jail, a tax is sought to be levied which would cause the total county tax levy to be in excess of 75 cents on the $100, the proceedings must be in accordance with the views expressed by this court in *People* v. *Wabash Railway Co.* 286 Ill. 15, and *People* v. *Cairo and Thebes Railroad Co.* (*ante,* p. 118.) Before such excess tax may be legally levied there must not only be a favorable vote of the people of the county authorizing the levy of the additional tax for the purpose of building the jail, but there must also be a favorable vote of the people of the county on the proposition to levy the tax in excess of the constitutional limit. *People* v. *Baltimore and Ohio Railroad Co.* (*ante,* p. 366;) *People* v. *Cairo and Thebes Railroad Co. supra.*

At the regular September meeting the highway commissioner of road district No. 10 made a levy of $5700 for general highway purposes, and in addition thereto provided for

"a special tax of 13⅓ cents per year on every $100 worth of property to cover a separate *mandamus* effected against road district No. 10 until said *mandamus* of $3570 is paid." A certificate of levy was filed with the county clerk which included a levy of $3570.11 for road and bridge damage purposes. The county clerk extended a rate of 13 cents for road and bridge damage purposes, and appellant objected to this levy on the ground that the record did not show there had actually been any damages agreed upon, allowed or awarded in road district No. 10 for the preceding year. The record shows that a writ of *mandamus* was issued from the circuit court of Union county commanding the commissioner of highways of road district No. 10 to levy and collect taxes sufficient to pay the sum of $3570.11 to the Clear Creek Drainage and Levee District for the amount assessed against the road district for drainage purposes and ordering the road district to collect a tax of 13⅓ cents per year on each $100 of property in the road district. The record of the clerk of the road district shows the issuance of this *mandamus* against the district and the amount ordered paid. Section 58 of the Road and Bridge law authorizes a tax for ditching to drain roads. Assessments against a road district for benefits under the Drainage act are in the nature of damages awarded for ditching to drain roads, and taxes to pay the same may properly be levied under section 58 of the Road and Bridge act. The court properly overruled appellant's objection to this tax.

The judgment of the county court will be affirmed as to the road and bridge tax and reversed as to the excess county tax.        *Affirmed in part and reversed in part.*