(No. 21245.—

THE PEOPLE *ex rel.* F. L. Endicott, County Collector, Appellant, *vs.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellee.

*Opinion filed October 22, 1932.*

ELMER O. FURROW, State's Attorney, and HALL & HOLADAY, (ARTHUR R. HALL, and O. W. LONGENECKER, of counsel,) for appellant.

H. M. STEELY, and POPE & DRIEMEYER, (W. J. STEVENSON, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

An objection was filed by the New York, Chicago and St. Louis Railroad Company in the county court of Vermilion county to the application of the county collector for a tax judgment against its right of way. The tax objected

to was that part of the road and bridge tax of Butler township levied in 1927 for damages allowed or awarded for ditching to drain roads, the amount extended against the property of the railroad being $162.30. The objection was that no damages had been allowed, awarded or agreed upon by the commissioner of highways of Butler township for ditching to drain roads, and that the levy was therefore void. The county court sustained the objection, and from its judgment this appeal was taken.

The record shows that at the regular annual meeting on the first Tuesday of September, 1927, the highway commissioner determined and certified to the supervisors the amount necessary to be raised by taxation for the construction, maintenance and repair of roads and bridges to be $14,000, the amount for each purpose being stated separately. He also determined and certified the sum of $2000 as necessary to be raised by taxation for the purpose of paying damages allowed or awarded for ditching to drain roads for the ensuing year, and further certified that he had determined the tax rate for such separate purpose to be five cents on each $100 valuation of the taxable property of Butler township. It was stipulated that prior to the first Tuesday in September, 1927, the commissioners of the Johnson Drainage District, in Vermilion county, had made an assessment against the highways of Butler township of $4632.82 for drainage purposes and had obtained a judgment against the commissioner of highways for that amount and purpose.

An assessment made by an organized drainage district against a town for draining its highways is an allowance or awarding of damages for ditching to drain roads in the town which authorizes a highway commissioner to levy a tax for the purpose of paying such damages, under section 58 of the Road and Bridge law. (*People* v. *Missouri Pacific Railroad Co.* 319 Ill. 433.) When the highway commissioner included and separately specified the amount and

rate of tax levy to pay the Johnson Drainage District assessment and judgment for ditching to drain roads he did all that was necessary for him to do to make a valid levy. Section 58 of the Road and Bridge law (Laws of 1927, p. 756,) provides that when damages have been allowed for ditching to drain roads, as was the case here, the amount of such damages, not to exceed for any one year six and two-third cents on the $100 valuation, shall be included and separately specified in the general tax levy certificate provided for in section 56. The commissioner in this case not only determined and certified the amount required but also the rate to be extended.

It is urged by the railroad company that the levy here was void because there was nothing in the record of the highway commissioner to show that any damages had been agreed upon, allowed or awarded for ditching to drain roads in the town of Butler during the year ending on the first Tuesday of September, 1927. From this it is argued that the tax-payer has been denied information from the record itself concerning the purpose for which his property was taxed, contrary to the holding of this court in *People* v. *Missouri Pacific Railroad Co.* 332 Ill. 53, and other similar authorities cited. But these cases must be distinguished on the facts from the present case. In *People* v. *Missouri Pacific Railroad Co. supra,* (the case last cited,) there was no valid basis for the levy of a tax to pay damages for laying out roads because the entry made by the town clerk of the award of such damages was not made until more than a month after the tax levy had been certified to the county clerk. No such irregularity is presented here, as it is stipulated that the assessment and award of damages were obtained by judgment in the county court prior to the first Tuesday in September, 1927, and was there a matter of record when the highway commissioner made his tax levy certificate. The judgment of confirmation of the drainage district assessment for damages was an official act of the

county court and established the fact that such damages had been allowed and awarded. Once such an award was officially determined and made a matter of public record no duty remained for the highway commissioner to perform in the way of allowing or awarding damages except to include a lawful portion of such award in the separate amount certified by him in the tax levy of that year. Under these circumstances it was not necessary that his certificate contain a recital of the preliminary court action or other proceedings. *People* v. *Chicago and Eastern Illinois Railway Co.* 326 Ill. 354.

The cases cited and relied upon as requiring the record of the town clerk to specify for what purpose and to whom the damages have been agreed upon, allowed or awarded, are cases wherein the damages in question had been agreed upon, allowed or awarded to the property owner by the highway commissioner himself. They are thus to be distinguished from the present case, where the damages were allowed and awarded to the Johnson Drainage District by the county court. The town clerk is not required to record the orders and judgments of the county court, and a recital thereof in the records of the highway commissioner would also be of no avail.

In *People* v. *Wabash Railroad Co.* 256 Ill. 394, this court decided the issue here involved under a set of similar facts. There, as here, damages for ditching to drain roads had been awarded under the Levee act to a drainage district, and the highway commissioners, without referring to the drainage district, had levied an additional twenty cents for the purpose of paying such damages under section 15 (now section 58) of the Road and Bridge act. The action of the highway commissioners in levying a tax to pay such an assessment to a drainage district was there held legal under the authority of a previous holding in *Commissioners of Highways* v. *Drainage District,* 207 Ill. 17, and followed in *People* v. *Wabash Railroad Co.* 267 id. 30.

From the above authorities it follows that the record of the judgment in the county court in favor of the Johnson Drainage District and against the town of Butler and the commissioner of highways for drainage assessments was all the record needed in support of the separate item levied for ditching to drain roads. The tax levy in question was therefore valid and the objection thereto should have been overruled.

The judgment of the county court of Vermilion county is accordingly reversed and the cause remanded to that court, with directions to overrule the objection.

*Reversed and remanded, with directions.*