(No. 21900.—

THE PEOPLE *ex rel.* C. E. Walker, County Collector, Appellee, *vs.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1933.*

JOHN J. BAKER, and POPE & DRIEMEYER, (W. J. STEVENSON, of counsel,) for appellant.

KENNETH F. KELLY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal by the New York, Chicago and St. Louis Railroad Company is from a judgment of the county court of Shelby county against its property for $1103.02, the amount of a delinquent county highway tax for the year 1931. The appellant's objection to the judgment was that there was no valid levy of the tax.

By section 14 of "An act in relation to State highways," approved June 24, 1921, (Laws of 1921, p. 793,) power was conferred on the county board to levy an annual tax to be known as "county highway tax," for the purpose of improving, maintaining and repairing the State aid roads required to be improved, maintained and repaired by the county, such tax to be in addition to the maximum of all other county taxes then or thereafter authorized to be levied upon the aggregate valuation of all taxable property within the county, and not to be subject to reduction by the county clerk, as are certain other taxes under the provisions of the act of May 9, 1901, "concerning the levy and extension of taxes." (Laws of 1901, p. 272.) All money derived from the "county highway tax" was required to be placed in a separate fund to be known as the "county highway fund" and to be used for no other purpose. The act did not fix any limit to the amount of the levy, and has since been amended to limit this amount to twelve and a half cents on the $100 of the assessed valuation of the taxable property in the county. It has been amended in other particulars also, which do not require notice. (Cahill's Stat. 1931, p. 2458, par. 212; Smith's Stat. 1931, par. 304, p. 2565.) The question to be decided is whether the power of the county board under this section must be

exercised only by a levy of a fixed amount of money, or may it be exercised by the levy of a certain rate per cent of the assessed valuation of the taxable property in the county.

The county board levied both the county tax for general county purposes at the rate of twenty-five cents on the $100 valuation and the county highway tax at the rate of twelve and a half cents on the $100 by the same resolution shown by the record of the board of supervisors. The portion of the resolution referring to the county highway tax is as follows:

"Mr. Sarver presents the following resolution:

"Resolution for tax levy of a county highway tax for Shelby county, State of Illinois, for the year 1931.

"To the board of supervisors of Shelby county, State of Illinois, at the September term of said board, in the year of 1931:

" *'Be it resolved by the board of supervisors of Shelby county, State of Illinois,* That there is hereby levied a county highway tax of twelve and one-half cents on the hundred dollars assessed value of all property in Shelby county, State of Illinois, for the year of 1931, and that the county clerk of said Shelby county, State of Illinois, be and is hereby directed to extend said tax on the tax books of the various tax books of Shelby county, State of Illinois, together with the railroad and corporation tax books of said county, as other taxes are extended, as provided by law.' (Page 533.)

J. E. SARVER,
DEFOREST BAIRD,
CHAS. F. HIMES,
J. H. EDDY,
E. S. COMBS,
*Finance Committee.'*

"Mr. Eddy moves the resolution be adopted; seconded by Tressler.

"Mr. Craycroft calls for aye and nay vote.

"Aye 24, nay 0, one absent. Motion carried."

The county board is the governing body which exercises the powers of the county, has the care and custody of all its real and personal property, the management of its funds and business, and the authority to cause to be levied and collected, annually, taxes for all purposes for which money

may be raised by the county by taxation. Section 121 of the Revenue act directs the county board, at its September session in each year, to determine the amount of all county taxes to be raised for all purposes, and requires that where the taxes are to be raised for several purposes the amount for each purpose shall be stated separately. The county highway tax authorized by the statute is a county tax for a single purpose—the improvement and maintenance of the highways required by sections 12 and 13 of the act in question to be improved, maintained and repaired by the county. *People* v. *New York Central Railroad Co.* 305 Ill. 434; *People* v. *Chicago and Eastern Illinois Railway Co.* id. 454; *People* v. *Wabash Railway Co.* 308 id. 604.

It was decided in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 633, upon due consideration, after a review of certain previous decisions tending to a different conclusion, except the tax for a mothers' pension fund, the statute is mandatory that in levying taxes for all other county purposes the amounts shall be stated. In that case the county board attempted to levy a county tax of seventy-five cents on each $100 of taxable property by a resolution to that effect, apportioning thirty-five per cent of the tax levied for court costs and expenses; twenty per cent for keeping and maintaining the poor; twenty per cent for salaries of county officers; five per cent for each of the following purposes: books and stationery, feeding and caring for prisoners, paying for special assessments and for repairing and building purposes; three per cent for fuel, and two per cent for janitor's services. The opinion of the court took notice of the fact that in some previous cases the court had disregarded a similar requirement that the officers levying the tax should ascertain and state the amount which they required. The first of these cases was *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, a case involving the levy of a tax under the School law of 1889, which required the school directors to ascertain and certify the

amount of money necessary to be raised for school purposes. (Laws of 1889, art. 8, sec. 2, p. 316.) The directors made no such certificate but certified only a rate. The court said it was clear that the statute contemplated a certificate stating the amount required, but, while no reasonable excuse could be discovered for a departure from the plain requirements of the law, the court was not prepared to hold the action of the directors in levying a rate, rather than specifying the amount, absolutely void. A similar school tax levy by a rate per cent only, and not of a stated amount, was involved in *Chicago and Alton Railroad Co.* v. *People,* 205 Ill. 625, and the former decision was followed, with the statement that the court was not inclined to depart from the rule there announced.

In *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, the tax involved was a county tax which the county board had levied by fixing a total rate of seventy-five cents on the $100 valuation without complying with the statute requiring that when taxes were levied for several purposes the amount for each purpose must be stated separately. The court said that the plain reading of the statute required the county board to fix the aggregate amount required, but the objection that such aggregate amount was not so fixed, standing alone, would not defeat the tax though the failure to state separately the amounts required for the separate purposes was fatal.

After the decision of the above cases the case of *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 Ill. 622, arose, in which was involved a tax for the construction, maintenance and repair of roads and bridges. The commissioners of highways added to their certificate of levy for the construction, maintenance and repair of roads and bridges, as a basis for the additional tax authorized to be levied for damages for laying out, widening, vacating or altering roads or for ditching to drain roads, a further certificate that "the amount agreed upon, allowed or awarded

as damages for laying out, widening, altering or vacating roads or for ditching to drain roads is an amount equal to ten (10) cents on each $100," while the statute required the commissioners to specify in their certificate the amount necessary to be raised by taxation for the purpose of paying damages. An additional tax was levied by the county board by virtue of this certificate, which was objected to. The objection was overruled, but on appeal the tax was held void, the court saying: "A tax-payer has a right to know from the certificate the amount levied as a tax, so that he need not go to the tax records to find the total valuation of property and make computations to learn what the rate of ten cents would amount to." The court, in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra,* in commenting upon this statement, says: "A rate per cent of the taxable property of a county means nothing definite to the tax-payer, who can only determine the amount when the board of review and State Board of Equalization have completed their work, and then only by a compilation of amounts and a computation to ascertain the amount of money devoted to a particular purpose. There cannot be one rule of law for commissioners of highways and another for county boards, and the question of the legality of a tax levy by percentages was finally settled in that case. The statute commands the county board to levy a tax of three cents on each $100 of taxable property for a mothers' pension fund, which takes that tax out of the statutory requirement that the amounts for separate purposes must be separately stated." It was held in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557, that the statute did not contemplate the levy of taxes for general county purposes by percentages, but that the amounts to be levied for the several county purposes should be fixed and stated separately. In *People* v. *New York Central Railroad Co.* 271 Ill. 231, it was held that where the statute requires highway commissioners to certify the amount neces-

sary to be raised by taxation the certificate must state in dollars and cents the amount required.

In *People* v. *New York Central Railroad Co.* 276 Ill. 118, a school tax of $937.02 extended against the property of the appellant was objected to because the levy did not specify the amount required for educational purposes or building purposes but stated only that there was required the amount of one and one-half per cent for each. The judgment ordering the sale of the appellant's property was reversed and the cause remanded, with directions to sustain the objection to the tax, and the court said: "It is important to the tax-payer that he should know how much money is to be raised by taxation for educational purposes and building purposes, to which he is required to contribute according to the value of his property, and the General Assembly has provided that the certificate shall furnish that information. The form which the directors may use is set forth as a guide to them, so that the certificate may furnish to the tax-payer the information required for the protection of his interests. A rate per cent means nothing definite as to amounts, either to the tax-payer or the school directors, and a certificate giving a percentage, only, is not a compliance with the law. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 633.) The requirement of the law having been disregarded, the court erred in overruling the objections, which were all based on the insufficiency of the certificate." To the same effect is *People* v. *Kankakee and Seneca Railroad Co.* 277 Ill. 93.

The resolution of the county board of Shelby county for the levy of a county highway tax, by reason of its failure to state the amount of the tax for that purpose, was insufficient to authorize the extension of the tax, and the objection of the appellant should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*