(No. 13334.—Judgment affirmed.)

THE PEOPLE *ex rel.* William C. Means, County Collector, Appellee, *vs.* WALKER D. HINES, Director General of Railroads, *et al.* Appellants.

*Opinion filed June 16, 1920.*

1. TAXES—*tax for tuberculosis sanitarium may be levied by percentage.* Under the Tuberculosis Sanitarium act the tax for a sanitarium fund is excepted from the statutory requirement that the amount of taxes for separate purposes must be separately stated, and said tax may be levied by percentage and not by amount. (*People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 633, followed.)

2. SAME—*when levy for park taxes may be in excess of limit provided in section 1 of article 8 of Cities and Villages act.* Under the act of 1893, as amended in 1895, a levy for park taxes may be in excess of the limit provided for in section 1 of article 8 of the Cities and Village act, where an election as provided in the amendment of 1895 has been held to authorize the levy in excess of the limit.

3. SAME—*levy for bonded indebtedness may exceed limit provided in section 1 of article 8 of Cities and Villages act.* A city tax levy in excess of the limit provided for in section 1 of article 8 of the Cities and Villages act is proper, where the tax ordinance levies various sums for the payment of special assessment bonds and interest and the excess is for such bonded indebtedness.

4. SAME—*objector to a tax must prove its invalidity.* Those objecting to a tax have the burden of proving its invalidity, as the

presumption is that public authorities have properly discharged their respective duties as to levying the tax; and this presumption can be overcome only by clear testimony.

5. PRACTICE—*question cannot be raised for first time in reply brief.* Under the rules and practice of the Supreme Court a question cannot be raised for the first time in a reply brief.

APPEAL from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, F. L. LITTLE-TON, A. E. & R. C. DEMANGE, and GEO. B. & GEO. M. GIL-LESPIE, of counsel,) for appellants.

MILES K. YOUNG, State's Attorney, and W. B. LEACH, (R. M. O'CONNELL, and LESLIE J. OWEN, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of McLean county rendered in February, 1920, against appellants, with reference to the county tax of said county, the city tax of the city of Bloomington and the city tax of the city of LeRoy, amounting in all to a total of $667.40 levied for the year 1918.

Counsel for appellants object to the county tax for the county of McLean because they claim there was included within said tax an assessment of one and a half mills on the assessed value of all taxable property in said county for a tuberculosis sanitarium fund, and that this was illegal because the levy was made for said fund by rate instead of by levying the exact amount. This court has held in *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 633, and other cases, that ordinarily the county tax should be levied in amount and not by rate of percentages, but said in the case just cited (p. 636): "The statute commands the county board to levy a tax of three cents on each $100 of taxable property for a mothers' pension fund,

which takes that tax out of the statutory requirement that the amounts for separate purposes must be separately stated. For other county purposes the statute is mandatory that the amounts shall be stated."

It is argued by counsel for appellee that the provision of the statute as to tuberculosis sanitariums makes an exception, under the reasoning of this court in that case, as to the Mothers' Pension act. The Mothers' Pension act there construed provides, among other things: "The county board in each county shall levy a tax of not to exceed three-tenths of one mill on the dollar annually on all taxable property in the county, such tax to be levied and collected in like manner with the general taxes of the county, and to be known as a mothers' pension fund: *Provided*, that said tax shall not be included in the aggregate of all the taxes required to be reduced under the provisions of an act," etc. (Hurd's Stat. 1917, sec. 16, p. 283.)

The Tuberculosis Sanitarium act under which the tax was levied provides: "The county board * * * shall have the power to levy a tax not to exceed three mills on the dollar annually on all taxable property of such county, such tax to be levied and collected in like manner with the general taxes of such county, and to form, when collected, a fund to be known as the 'Tuberculosis Sanitarium Fund,' which said tax shall be in addition to all other taxes which such county is now, or hereafter may be, authorized to levy on the aggregate valuation, * * * and the county clerk, in reducing tax levies under the provisions of section 2 * * * shall not consider the tax for said tuberculosis sanitarium fund." (Hurd's Stat. 1917, p. 825.)

It is conceded by counsel for appellants that these two acts are very similar, but they argue that the Mothers' Pension act in its wording is mandatory on the county board, while the act as to the tax for county tuberculosis sanitariums is permissive, only. In view of the reasons why the tax should be a fixed amount and not a rate or in percent-

ages, as stated in the opinion in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra,* we think this argument is without merit as to the mandatory and the alleged permissive parts of these two acts. In our judgment, if the wording as to the tax being in mills in the Mothers' Pension act should control as to the extension of the tax by percentage and not by amount, the wording of the statute as to county tuberculosis sanitariums being levied in mills would justify the same conclusion. The county court did not err in overruling the objection as to this tax.

Counsel further object to the tax levied on appellant's property under the tax levy ordinance of the city of Bloomington, which included an item of $16,200 for public parks. The county clerk treated this item as a tax authorized to be extended in addition to the limitation provided under section 1 of article 8 of the Cities and Villages act. (Hurd's Stat. 1917, p. 334.) It is argued by counsel for appellants that the county clerk was not authorized to extend this tax for city park purposes in addition to the aggregate included in section 1. Counsel in their original brief claim that the authority to levy this tax must be found, if at all, in the provisions of an act passed in 1915, (Laws of 1915, p. 262,) and seem to intimate that the last named act has repealed the other acts as to park taxes relied upon by counsel for appellee. Counsel for appellee argue that this tax was levied under the provisions of an act passed in 1893, (Laws of 1893, p. 77,) as amended in 1895 and 1909, and argue at length that the act of 1915 does not repeal said act of 1893 as amended. Counsel for appellants in their reply brief seem to concede that the act of 1915 did not repeal the acts relied upon by counsel for appellee, but insist that the act of 1893 as amended did not authorize the city council of the city of Bloomington to levy the tax as here provided, first, because there is no provision in the amended act authorizing the levy in excess of the limit provided for in section 1 of article 8 of the Cities and Villages act; and

second, that there was no provision for holding an election in said city as is shown by the record was held in 1899 for the purpose of authorizing the levy of such tax in addition to the tax provided for by section 1 of article 8 of the Cities and Villages act. We think counsel for appellants are in error in both these particulars. Section 3 of the act of 1893 provided for the holding of an election to authorize a levy of such tax, and the amendment of 1895 provided for this levy for the city tax on the proper vote of the voters of said city not to be included in the limitation provided for in section 1 of article 8 of the Cities and Villages act. (See 2 Jones & Addington's Ann. Stat. secs. 1984-1986, inclusive.) The record shows that a vote was taken as provided for by the amendment of the act in 1895. The county court was justified in holding that the levy of the tax for park purposes could be made in excess of the limitation for city taxes as provided for in section 1 of article 8 of the Cities and Villages act.

The county court reduced the tax levied for park purposes, on the objections filed in the county court, a little over three dollars, and counsel for appellee argue that the county court committed error in making this reduction, but counsel do not seem to insist upon the error being corrected here as they have filed no cross-errors.

Counsel for appellants further object to the tax levied in behalf of the city of LeRoy, in said county, levied at the rate of $2.12. They insist that the legal limit, under the Cities and Villages act, for which a tax could be levied for the city of LeRoy was $1.40, and that the amount of $82.82 produced by the higher rate was illegal. The illegality of this tax in excess of $1.40 depends upon whether it was extended to pay the city's bonded indebtedness with interest thereon. The tax ordinance of the city of LeRoy levied various sums for the payment of special assessment bonds and interest, setting forth the amount due on each particular bond. Section 1 of article 8 of the Cities and

Villages act provides, among other things, as follows: "The aggregate amount of taxes levied for any one year, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, shall not exceed the rate of two percentum per annum." As we read this record, the excess of the tax for said city referred to the bonded indebtedness of the city for bonds and interest owed by the city, and therefore the levy was properly outside of the limitation provided for in the Cities and Villages act. *Wabash Railroad Co.* v. *People,* 187 Ill. 289; *Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 200 id. 623.

Counsel for appellants in their reply brief insist that there is no proper showing by the city authorities that the bonds upon which these excessive taxes were levied were properly issued by the city. They seem to have raised this question for the first time in this court by their reply brief, and under the rules and practice of this court a new question cannot be thus raised. (*Wetmore* v. *Henry,* 259 Ill. 80.) No question seems to have been raised in the county court on this point when the tax levy ordinance of the city of LeRoy was introduced in evidence and no attempt was there made to show that the bonded indebtedness was not as stated in that ordinance, and no contention was made that the bonded indebtedness referred to in section 1 of article 8 of the Cities and Villages act was not a bonded indebtedness of a city and village that was authorized by law. Those objecting to a tax have the burden of proving its invalidity. The presumption is that public authorities have properly discharged their respective duties as to levying the same. This presumption can only be overcome by clear testimony. *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 276 Ill. 208.

We find no error in the record. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*