(No. 16338.—Judgment affirmed.)

THE PEOPLE ex rel. Alva Shrout, County Collector, Appellee, vs. THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*tuberculosis sanitarium tax need not be levied by separate amounts.* Under the Tuberculosis Sanitarium act the tax for a sanitarium fund may be levied by percentage and not by amount, and said tax is therefore excepted from the requirement that the amount of taxes for separate purposes must be separately stated.

2. SAME—*when consent for an additional road and bridge tax must be obtained.* The amendment of 1923 to the Township Organization law (Smith's Stat. 1923, p. 2098,) providing for a special meeting of the board of town auditors does not affect the construction heretofore given to section 56 of the Road and Bridge law, that consent to the levy of an additional tax for road and bridge purposes is sufficient if obtained from the town auditors prior to the levy of the road and bridge tax by the highway commissioners on the first Tuesday in September.

APPEAL from the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

HOGAN & REESE, for appellant.

EDWARD E. DOWELL, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from the judgment of the county court of Christian county overruling certain objections to taxes filed by the appellant and entering judgment against appellant for the amount of said taxes, together with interest, penalties and costs.

The first item involved in this appeal is a county tuberculosis tax. The board of supervisors of Christian county at its September meeting, 1923, passed the following resolution concerning the levy of a tax for the purpose of a county tuberculosis sanitarium:

"*Be it further resolved by the board of supervisors of Christian county,* that the sum of $30,000 be appropriated for the purpose of constructing or purchasing and maintaining a tuberculosis sanitarium in accordance with the expressed will of the people of said county, and that the said sum of $30,000 be raised by the levying of a tuberculosis sanitarium against all of the taxable lands, lots, personal property and corporations in said county of Christian as assessed and equalized by the board of review of said county and as originally assessed by the State tax commission of the State of Illinois for the year 1923."

The county clerk made a rate of twelve cents for this tax and extended this item separately. It is the contention of the objector that this levy for the purpose of construction or purchase and maintaining a tuberculosis sanitarium is levied for distinct and separate purposes, and that therefore the tuberculosis sanitarium tax is void. Under the Tuberculosis Sanitarium act the tax for a sanitarium fund may be levied by percentage and not by amount, and is therefore excepted from the requirement that the amount of taxes for separate purposes must be separately stated. *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 633; *People v. Hines,* 293 id. 419.

The other item of taxation involved in this appeal is the excess of a rate of fifty cents on each $100 valuation for road and bridge tax levied in certain townships in which the objector has property. It appears from the evidence that the written consent of the board of town auditors for the additional levy in each of these townships was given at a meeting of such board held September 4, 1923, which was the first Tuesday in September. It is the contention of the objector that the consent for this excess tax in these townships was not obtained before the first Tuesday in September, and was therefore void.

Prior to the enactment of the 1923 amendment of the Township Organization law, providing for a special meeting of the town board, this court interpreted the words "before the first Tuesday in September" to mean prior to the levy of the road and bridge tax by the highway commis-

sioners on the first Tuesday of September. These words still remain, as before, in the Road and Bridge law and were in no way affected by the amendment of the Township Organization law in 1923, and their interpretation must remain the same as judicially determined before the 1923 amendment. (25 R. C. L. 992.)

The court did not err in overruling appellant's objections to the taxes in question.

The judgment of the county court is affirmed.

*Judgment affirmed.*