(No. 16310.—Affirmed in part and reversed in part.)
THE PEOPLE ex rel. H. H. Hawkins, County Collector, Appellee, vs. THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*county levy is sufficient if financial report is itemized.* Where the report of the finance committee of the county board sufficiently itemizes the different amounts and purposes for which the county tax is to be levied and such report is properly adopted by the board it becomes a part of the resolution levying the tax, and the latter need not repeat the itemization.

2. SAME—*when record of levy of county tax does not show an aye and nay vote.* An amendment of the record of the levy of a county tax to show that the vote was taken by all those in favor of the levy signifying aye, that no nay vote was cast and that all the supervisors were present, is not sufficient to satisfy the statute, which requires an aye and nay vote to be entered of record, as such amendment merely shows that the levy was adopted by a *viva voce* vote.

3. SAME—*taxing statutes must be strictly construed.* The power of taxation, which takes the money or property of the individual for public use, is the highest attribute of sovereignty, and taxing statutes must be construed strictly.

4. SAME—*consent to additional town road and bridge tax must specify amount.* The board of town auditors, in consenting to the levy of an additional tax for town road and bridge purposes under section 56 of the Road and Bridge act, must specify the amount of the excess tax consented to.

5. SAME—*when consent to additional town road and bridge tax may be obtained.* Consent to the levy of an additional town road and bridge tax is sufficient if obtained on the first Tuesday in September and prior to the levy of the tax. (*People* v. *Illinois Central Railroad Co. ante,* p. 339, followed.)

6. SAME—*who may call meeting of town auditors.* Under paragraph 119 of the Township Organization act the supervisor or any two members of the board may call a meeting of the board of town auditors, but the town clerk is not authorized to call the meeting except as indicated in the act, and no authority is given the highway commissioner to call such meeting.

7. SAME—*when consent to additional town road and bridge tax is not properly obtained.* Consent to the levy of an additional town

road and bridge tax is not shown to have been properly obtained where the town clerk testifies that he called the meeting but that he was not present and no record of the meeting was made, and where it appears from the other evidence that the consent was signed by the individual members of the board and was not the collective action of the board in accordance with the statute.

APPEAL from the County Court of Moultrie county; the Hon. JOHN T. GRIDER, Judge, presiding.

McLAUGHLIN & BILLMAN, and CRAIG & CRAIG, (HOMER T. DICK, and C. O. FOWLER, of counsel,) for appellant.

MERRILL F. WEHMHOFF, State's Attorney, FRANK J. THOMPSON, MARION WATSON, and R. J. MONROE, for appellee.

Per CURIAM : Appellant objected to judgment in the county court of Moultrie county for certain taxes against its property, the same being those levied for county purposes, and the road and bridge taxes of the towns of Sullivan and Lowe, in excess of fifty cents on the $100 valuation. The objection to the county tax was, that the appropriation and levy were not adopted by the county board at its September meeting by an aye and nay vote, as required by section 54 of the County act, as amended on June 24, 1921. (Smith's Stat. 1923, p. 565.) This tax against appellant amounted to the sum of $1573.39. The objection to the road and bridge tax was the same as to the towns of Sullivan and Lowe, and was, that the written consent of the board of town auditors for a levy in excess of fifty cents on the $100 was not given by the members of the board while acting in their official capacity, at a regular or legally called meeting of such board previous to the first Tuesday in September. Later an objection was filed to the county tax that the resolution of levy and appropriation adopted by the county board did not state separately the several purposes for which the levy was made.

Concerning the objection to the county tax, the evidence shows that the annual meeting of the county board of Moultrie county was held on September 11, 1923. The record of that meeting contains the following: "Your committee on finance having under consideration the matter of ascertaining the amount of money to pay the expenses of said county for the ensuing year, beg leave to report that there should be levied the following sums for the purposes mentioned below:" There follows the heading of the committee report an itemized statement of the purposes for which a total levy of $30,000 was recommended, consisting of twenty different items. This recommendation is signed by the committee. The supervisors' record also shows the following resolution adopted:

"Whereas, it appearing from the report of the finance committee, which said report has been approved by the board, that the sum of $30,000 is required to be levied as a tax for county purposes for the year A. D. 1923, therefore be it

"*Resolved by the Board of Supervisors of the county of Moultrie and State of Illinois,* that the sum of thirty thousand ($30,000) dollars be and the same is hereby levied," etc.

The record also shows as follows: "On motion by Mr. Freeland, seconded by Mr. Kellar, the resolution was adopted as read, and it was so ordered by the board."

The record is sufficient so far as itemization is concerned. The report of the finance committee included the different items. That report was by the action of the supervisors adopted and approved as submitted and became a part of the records of the board. By reference it was incorporated in the resolution levying the tax. This was sufficient. It will be seen, however, from the record that it was not adopted by an aye and nay vote, as is required by the statute. (*People* v. *Chicago and Eastern Illinois Railway Co.* (*ante,* p. 382,) and cases there cited.) The record shows that on June 28, at the June meeting of the board, the record of the September, 1923, meeting was amended to read as follows: "A vote was then taken as follows: All

those in favor of accepting the report of the finance committee as read, signify by saying aye, contrary nay, and all the ·supervisors being then present voted aye and no vote nay was cast, and the same was adopted, and it was so ordered by the board." The record was amended to show the same with reference to the vote on the levy.

It is contended by appellant that the amended record was not sufficiently proven; that appellant was not allowed to cross-examine the county clerk concerning an aye and nay vote. It is shown by the testimony of the county clerk, however, that there was no roll call; that the vote was taken collectively. It is evident from the amendment of the record and the testimony of the county clerk that what is commonly known as a *viva voce* vote was taken. Such is not an aye and nay vote or a roll call, which is necessary to such a vote. The amendment in reality shows nothing more than what was shown by the original record, which, in effect, shows that the resolution of the levy was adopted by a *viva voce* vote. This question arose in *People* v. *Chicago and Eastern Illinois Railway Co.* (*ante,* p. 352,) where it was held that a vote such as taken in this case was not sufficient to comply with the requirements of the statute.

Appellee has cited *Barr* v. *Village of Auburn,* 89 Ill. 361, and cases following it, as supporting his contention that the record is sufficient. In *People* v. *Chicago and Eastern Illinois Railway Co.* (*ante,* p. 352,) this court for reasons there given expressly overruled the *Barr case.*

The power to tax is the highest attribute of sovereignty. By it money or property of the individual is taken for public use. It is everywhere held, therefore, that taxing statutes must be construed strictly. The county board record does not show the aye and nay vote required by the statute and the county tax was invalid. The court therefore erred in not sustaining appellant's objection thereto.

Concerning the objection to the levy of sixteen cents for roads and bridges in excess of fifty cents allowed by stat-

ute, the evidence as to the town of Sullivan is that the record of the board of town auditors, when first introduced, showed that that board met on the first day of September (which was Saturday) before the first Tuesday, and that consent was given by the board to the highway commissioner to levy a road and bridge tax in excess of fifty cents, but the statement of the amount was not made. This was not sufficient. Section 56 of the Road and Bridge law provides that the board of town auditors may authorize the levy of a greater rate than fifty cents on the $100 allowed by statute, but that the rate levied by the highway commissioner shall not exceed that approved by a majority of the members of the board of town auditors and shall in no case exceed sixty-six cents on the $100, or sixteen cents in excess of the fifty cents allowed by statute. It is required, therefore, that the board of town auditors shall specify the amount of excess consented to by it. (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 id. 162.) On motion of appellee on the hearing leave was granted to amend the record of the board of town auditors by showing that the meeting was, as a matter of fact, held September 4, the first Tuesday in September, and that the town auditors at that meeting authorized an excess tax of sixteen cents in accordance with the request of the highway commissioner. The record, so amended, was received in evidence. It is urged, however, that the excess of the tax is illegal because no consent was obtained from the board of town auditors before the first Tuesday in September. This objection was properly overruled. *People* v. *Illinois Central Railroad Co.* (*ante,* p. 339.)

In the town of Lowe the consent appears to have been signed on September 3, 1923. It is objected, however, that the signing of this consent was not given at a legal meeting of the board of town auditors; that the meeting was not held in accordance with the act authorizing meetings

at other times than the Tuesday preceding the meeting of the county board. Paragraph 119 of the Township Organization act provides as follows: "Said board of auditors shall meet at town clerk's office for the purpose of examining and auditing the town accounts, semi-annually, on the Tuesday next preceding the annual meeting of the county board and on the Tuesday next preceding the annual town meeting, and may in their discretion meet at such other times as they may determine. Upon the request of the supervisor, or of any two members of the board, the town clerk shall call a meeting at the time requested, and shall furnish to the members of the board at least forty-eight hours' notice thereof." The town clerk testified that he arranged for the meeting but that he was not present. He also testified that he gave notice to the two justices of the peace of the meeting on September 3; that he did not give notice to the supervisor; that neither the supervisor nor the justices of the peace requested such meeting; that the meeting was called at the request of the highway commissioner; that the clerk was not present and made no minutes of the meeting. The supervisor of the town of Lowe testified that he did not think he was present at the meeting of the board of town auditors on the 3d of September; that he may have been there probably by the time the meeting closed; that he didn't remember much about it; that he signed the consent, and that he did not direct that the meeting be called.

It is apparent that the meeting·was not called in the manner provided by the statute. While paragraph 119 just quoted provides that the board of town auditors may, in its discretion, meet at such other times as it may determine, either upon the request of a supervisor or of any two members of the board, there is no provision of the statute authorizing the clerk to call a special meeting except in the manner indicated by the act, and no such authority is given

to the highway commissioner. According to the testimony of the town clerk there was no record of the meeting made, and for all that is shown here, the consent signed by the board of town auditors was the act of each individual rather than the collective action of the board in accordance with the terms of the statute. The consent to the additional levy in Lowe township was therefore void and the county court should have sustained objections thereto.

The judgment of the county court is affirmed as to the road and bridge tax for the town of Sullivan and is reversed as to the county tax and the road and bridge tax for the town of Lowe.

*Affirmed in part and reversed in part.*

---

(No. 16173.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERMAN SPRANGER *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*defendant may testify directly as to his motive.* In criminal cases, where the intention, motive or belief of the accused is material to the issue, he is allowed to testify directly to the fact and have such testimony considered in connection with the circumstances surrounding the act, even though such circumstances tend to overcome his declarations.

2. SAME—*defendant's competent evidence is not rendered inadmissible because of preponderance against it.* The weight of the evidence for the prosecution does not affect the competency of evidence for the defense, and competent evidence of the defendant is not to be rejected because of a clear case against him.

3. SAME—*defendant's statement must be shown to have been voluntary.* A statement made or signed by the defendant in the police station after his arrest must be shown to have been voluntarily made before it can be admitted in evidence.

4. SAME—*defendant's statement is not evidence against a co-defendant.* A statement made or signed by a defendant in the