(No. 16339.—Judgment affirmed.)

THE PEOPLE *ex rel.* Alva Shrout, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

This case is controlled by the decision in *People* v. *Wabash Railway Co.* 314 Ill. 432.

APPEAL from the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

HOGAN & REESE, for appellant.

EDWARD E. DOWELL, State's Attorney, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Christian county made application to the county court of that county for judgment against real estate upon which the taxes for the year 1923 were delinquent. The Cleveland, Cincinnati, Chicago and St. Louis Railway Company filed objections to the tuberculosis sanitarium tax and to the road and bridge taxes of the towns of Pana and Rosemond. The objections were overruled and judgment was rendered against the property of the railway company for $628.72. It prosecutes this appeal to review the county court's judgment.

The board of supervisors of Christian county, at its meeting in September, 1923, adopted a resolution that

315—9

$30,000 be appropriated for the purpose of constructing or purchasing and maintaining a tuberculosis sanitarium as authorized by the people of the county, and that the sum mentioned be raised by levying a tax upon all the taxable property in the county. Pursuant to this resolution the county clerk extended a rate of twelve cents as a separate item to raise the tax. The contention of appellant is that the tax was levied for two distinct purposes: First, to construct or purchase, and secondly, to maintain, the sanitarium; that the sum required for each purpose should have been stated separately, and that the tax having been levied in gross is void.

The road and bridge tax of each of the towns of Pana and Rosemond was in excess of fifty cents on each $100 valuation of the taxable property in the town. The written consent to the excess, required by section 56 of the act in relation to roads and bridges, was obtained from the board of auditors of each of these towns on September 4, 1923, which was the first Tuesday of the month, before the tax was certified. Appellant's contention with reference to the road and bridge taxes is, that since the amendment of section 3 of article 13 of the Township Organization act, (Laws of 1923, p. 628,) which permits meetings of the board of auditors of a town to be held upon request of the supervisor or of any two members of the board, the written consents should have been secured prior to the first Tuesday in September, and that not having been so obtained the road and bridge taxes in question are void.

This court has held adversely to both of appellant's contentions in *People* v. *Wabash Railway Co.* 314 Ill. 432. That authority is decisive of the instant case. The objections were properly overruled.

The judgment of the county court will be affirmed.

*Judgment affirmed.*