(No. 24686.—

THE PEOPLE *ex rel.* George S. Batman, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed October 13, 1938.*

CHARLES A. HELSELL, CRAIG & CRAIG, ROBERT M. WERDEN, HOWARD W. CAMPBELL, and JOHN H. HARDIN, (E. C. CRAIG, and VERNON FOSTER, of counsel,) for appellant.

HOMER KASSERMAN, State's Attorney, for appellee.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This is an appeal from the judgment of the county court of Jasper county overruling objections to taxes and entering judgment against the appellant for the penalties and costs.

The first item is a tax for the county blind relief fund. The appellant objected to this tax because there was included, in addition to the statutory limit for general county purposes, a tax of five-tenths of one mill by rate, only, instead of levying the exact amount. We have held in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railroad Co.* 270 Ill. 633, and in many other cases, that the county tax should be levied in amount and not by rate of percentages. However, we held in that case that since the statute (Ill. Rev. Stat. 1937, chap. 23, par. 338) commanded the county board to levy a tax of three cents on each $100 valuation on taxable property for a mothers' pension fund, it takes it out of the statutory requirement that the amounts for separate purposes must be separately stated. We also held in *People* v. *Hines,* 293 Ill. 419, and in *People* v. *Wabash Railway Co.* 314 Ill. 432, that under the Tuberculosis Sanitarium act (Ill. Rev. Stat. 1937, chap. 34, par. 164) the tax for a sanitarium fund may be levied by percentage and not by amount. It is conceded by counsel for appellant that the act in question (Ill. Rev.

Stat. 1937, chap. 23, par. 279½) is similar to the Mother's Pension act and the Tuberculosis Sanitarium act, but appellant contends that there is no valid basis for distinction between a tax for mothers' pension, tuberculosis sanitarium or blind relief, and a tax for any other county purpose. This contention cannot be sustained.

The second objection concerns the levying of a tax for pauper relief for the town of Fox. The appellant contends that the tax was levied by rate instead of amount. However, the record shows that it was stipulated that the town of Fox made a levy of $1300 for pauper purposes for the year 1936. The appellant is bound by the stipulation. Further objection to this tax is made on the ground that the town meeting at which the tax was levied was not conducted in compliance with the statute in that the minutes of the town meeting showed that the moderator was elected at 2:00 o'clock in the afternoon rather than between the hours of 8:00 and 9:00 in the forenoon. The statute (Ill. Rev. Stat. 1937, chap. 139, par. 61) provides that the electors present at any time between the hours of eight and nine in the forenoon, shall be called to order by the town clerk and may elect one of their number chairman and that they shall then proceed to choose a moderator. It does not specifically require that the moderator must be selected before the hour of 9:00 o'clock. Paragraph 73 of the same chapter provides: "At the hour of two o'clock in the afternoon * * * the moderator shall call the meeting to order," etc. It is immaterial at what time the moderator is elected as long as it is before the hour of 2:00 P. M., as he is powerless to act until that time. For the purpose of levying a tax the statute is directory, only.

The next item objected to is the pauper tax for the town of North Muddy. It is the contention of the appellant that the statute transferring the care of paupers from counties to townships (Ill. Rev. Stat. 1937, chap. 107, par. 15.1) became effective July 1, 1936, whereas the spe-

cial town meeting at which the levy was authorized was held on June 20, 1936. We held in *People* v. *New York, Chicago and St. Louis Railroad Co.* 316 Ill. 452; *People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co.* id. 410, and *People* v. *Wabash Railway Co.* 344 Ill. 606, that the validity of a tax is to be determined as of the time it is levied, and it is the rate authorized at the time the levy is made, and not the rate permitted at the time the taxes are extended, that controls. The legislature, subsequent to July 1, 1936, passed validating acts (Ill. Rev. Stat. 1937, chap. 107, pars. 47, 48) which purported to validate any tax for pauper relief which was levied for the year 1936. These acts do not cure the defect in the purported levy, as the legislature may, by statute, validate only the irregular or defective exercise of power, where the power already existed and the proceeding sought to be cured was not one of the fundamentals of the power exercised. Here, the power to levy a tax for pauper relief did not rest in the township until July 1, 1936, and the legislature cannot give validity to the exercise of a power where such power did not exist at the time it was purported to have been exercised. *People* v. *Chicago and Eastern Illinois Railway Co.* 365 Ill. 202.

The fourth objection is directed to the pauper tax of the town of Wade and is identical with the objection raised by the appellant to the tax for pauper relief for the town of Fox.

Objection is next made to the road and bridge tax of the town of Wade for the reason that the consent of the board of town auditors failed to state the amount of excess road and bridge tax to be raised by the levy of eight cents on each $100 valuation, in addition to the regular rate of twenty-five cents as authorized by statute. The statute (Ill. Rev. Stat. 1937, chap. 121, par. 62) authorizes the levy by the highway commissioner of a tax on the first Tuesday of September not to exceed twenty-five cents on

each $100 valuation unless before the first Tuesday in September he shall have secured the consent, in writing, of a majority of the members of the board of town auditors for the extension of a greater rate, and in that case the rate shall not exceed that approved by a majority of the members of the board of town auditors, and in no case exceed thirty-three cents on each $100 valuation. The consent in this record by the board of town auditors is, in part, as follows: "Did vote to authorize said commissioner to levy an additional rate of eight cents on each one hundred dollars valuation in addition to twenty-five cents, (25c,) making a total rate of thirty-three cents on each one hundred dollars valuation of the taxable property of said town of Wade, for the year, A. D. 1936, for road and bridge purposes, and in the amount of $7,000." It is apparent that the statute does not require that the amount of excess tax to be raised by the levy of an additional eight cents be stated. However, in support of its contention, the appellant relies upon certain language in *People* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 596, as authority for the proposition that the statute requires that the board of town auditors shall specify the amount of excess consented to by it. That case is based on the holdings in *People* v. *Browne,* 307 Ill. 162, and *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402. In *People* v. *Browne* it was held that under section 56 (par. 62, *supra,*) of the Road and Bridge act the consent of the board of town auditors to levy a tax in excess of the statutory limit may be obtained on the first Tuesday in September, provided it is obtained before the tax is levied and this holding is based on the prior holding in *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, that the intention of the legislature was to require the consent of the board of town auditors before the additional amount could be levied and to authorize the additional levy upon such consent previously obtained, but the literal application

of the language used in the statute would deprive the whole provision for the additional levy of any force and that the intention of the legislature was effected by requiring the consent to be obtained on the first Tuesday of September before the making of the levy for the additional amount. The language in *People* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 596, that the board of town auditors shall specify the amount of excess consented to by it was broader than necessary for the judgment therein rendered, and is not controlling here.

The next objection is directed to the pauper tax of the town of Willow Hill. This tax was levied at the regular meeting on April 7, 1936, and the objection is identical with that raised to the pauper tax of the town of North Muddy, and what we said in regard to that levy is controlling.

The final objection is that the levy of the non-high school district tax is invalid because the certificate of levy was not signed by the county superintendent of schools and *ex officio* secretary of the non-high school board, as provided by statute (Ill. Rev. Stat. 1937, chap. 122, par. 102) and, further, that the county court erred in permitting the amendment of the levy by allowing the county superintendent to sign it as secretary. We believe that this action was directly in accord with section 191 of the Revenue act which provides that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof; and any irregularity * * * may be, in the discretion of the court, corrected, supplied and made to conform to law by the court or by the person (in the presence of the court) from whose neglect or default the same was occasioned." The objection was properly overruled.

The judgment of the county court of Jasper county overruling objections to taxes against the appellant in re-

gard to the tax for county blind relief, for pauper relief of the town of Fox, for pauper relief of the town of Wade, for the road and bridge tax of the town of Wade and for the non-high school district tax is affirmed, and the judgment for the pauper tax of the town of North Muddy and the town of Willow Hill is reversed and the cause is remanded, with directions to sustain the objections of the appellant to those two items.

*Affirmed in part and reversed in part, and remanded.*