(No. 24787.—

THE PEOPLE *ex rel.* Ben Anderson, County Collector, Appellee, *vs.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 15, 1938.*

SMITH & MURRAY, and KRAMER, CAMPBELL, COSTELLO & WIECHERT, (MORISON R. WAITE, and WILLIAM A. EGGERS, of counsel,) for appellant.

WILLIAM R. MURPHY, (MAURICE B. JOHNSTON, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

On July 7, 1936, at a special town meeting held by the town of Carlyle, Clinton county, Illinois, a resolution was adopted directing the raising of money by taxation for the following purposes, among other things: "I. To provide for the relief and support of all poor and indigent persons lawfully resident within said town, * * * thirty (30) cents on each one hundred dollars valuation." This particular item, when extended, amounted to $294.90 upon appellant's property in the township. Upon the collector's application for judgment, this item was objected to because the tax was levied by rate and not for an amount; this objection was overruled and judgment entered against appellant. Previous to filing such objection, appellant paid seventy-five per cent of the amount involved to the collector, under protest, and, at the time of filing notice of appeal to this court, deposited with the county collector the total amount of the judgment and costs.

The statute, (Ill. Rev. Stat. 1937, chap. 139, par. 39,) provides that the electors present at the annual town meeting shall have the power to direct the raising of such money by taxation as may be deemed necessary for the purpose of caring for poor and indigent persons in the township not in excess of three mills on the dollar of the assessed value of property in the township. The levy was not made for an amount as provided by law, but, as above stated, by levying a rate of thirty cents on the hundred dollars.

It has uniformly been held that authority to levy taxes for an amount, for purposes provided by law, is not complied with by levying taxes at a rate authorized by law. *People* v. *New York Central and St. Louis Railway Co.* 352 Ill. 603; *People* v. *Kankakee and Seneca Railroad Co.* 277 id. 93; *People* v. *New York Central Railroad Co.*

271 id. 231; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 id. 633.

The case of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra,* reviews the previous cases on the subject, and points out the distinction justifying a tax by rate in the case of "Mothers' Pensions" and finds that, in such cases, there is a command by the legislature. In *People* v. *Hines,* 293 Ill. 419, and *People* v. *Wabash Railway Co.* 314 id. 432, it has likewise been held that a tax for a tuberculosis fund may be levied by rate instead of for an amount, and at the October, 1938, term of this court it was held that taxes for county blind relief may be levied by rate instead of amount. *People* v. *Illinois Central Railroad Co.* 369 Ill. 432.

The reason for the exception in cases of levying taxes for mothers' pensions, tuberculosis fund and blind relief, is because there is a direct authority given by the legislature permitting such tax to be levied by rate instead of amount.

The tax under consideration is, however, a town tax, and is included within the provisions for raising the general revenues of the town, including the power to provide relief and support of poor and indigent persons, and at the special town meeting the electors were authorized to direct the raising of such money as might be necessary for such purpose, not exceeding three mills on the dollar. There is no change in the provision requiring town taxes to be levied by amount, but merely authority to levy not to exceed a certain rate for poor relief, as one of several purposes for which taxes may be levied. We are of the opinion that levying of taxes for town purposes comes within the rule for levying taxes for schools, cities, counties and road districts, which requires an amount to be specified in the levy or the levy is otherwise invalid.

The chapter of the statutes entitled "Charities" (Ill. Rev. Stat. 1937, chap. 23, par. 394) does not purport to

amend the requirements of a levy of taxes in townships for the benefit of poor and indigent persons. It specifies conditions under which a town may have allocated to it money from other sources to aid in poor relief. If the town levies three mills on the dollar for such purposes, it qualifies to have funds from other sources allocated and paid to it, but there is no requirement in such statute that the town qualify to receive such additional aid.

Statutes grant authority to municipalities to levy taxes and they must follow the method provided by law. The power granted cannot be extended by implication. *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180; *People v. Mills Novelty Co.* 357 id. 285, 299.

For the above reasons the levy of the town of Carlyle for poor relief was invalid, and the judgment of the county court of Clinton county is reversed, and the cause is remanded, with directions to sustain the objections to such tax made by appellant.

*Reversed and remanded, with directions.*