(No. 25206.—)

THE PEOPLE *ex rel.* Richard S. Wangelin, County Collector, Appellee, *vs.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Opinion filed October 13, 1939.*

WHITNEL, BROWNING, LISTEMAN & WALKER, for appellant.

LOUIS P. ZERWECK, State's Attorney, KEVIN KANE, and JOHN C. ROBERTS, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The county court of St. Clair county overruled objections of the Pennsylvania Railroad Company to a tax levy of the East Side Health District for the year 1937 and entered judgment against the railroad company's property

in the sum of $1721.51. The objector has appealed to this court from the judgment.

It is urged the levy is void (1) because the records of the taxing district do not show the total amount of money to be raised, or the specific purposes and amounts for each purpose, or whether they were lawful purposes; and (2) the certificate of levy was by rate, instead of by amount as required by law.

The East Side Health District was formed in April, 1937, under the act of 1917, entitled "An act to authorize the organization of public health districts and for the establishment and maintenance of a health department for the same," as amended. (Ill. Rev. Stat. 1937, chap. 111½, par. 1, *et seq.*) Section 15 provides, among other things, that each board of health shall have power and it shall be its duty to levy annually a special "public health tax" not to exceed one and one-third mills on the dollar, to form, when collected, a fund to be known as the "public health fund;" to pay from such fund the salary of the public health officer and the salaries of all appointees and employees and the expense of maintenance of the public health department, including therein the expense of administering the sanitation and health laws and ordinances. Section 20 provides that each board of health shall, annually, on or before the first day of August of each year, transmit to the county clerk a certificate signed by the chairman and treasurer, "setting forth the rate or percentage of such taxes by them levied for the purposes herein provided," and it shall be the duty of the county clerk to set down in the general tax warrant in a separate column to be styled "public health tax," a tax in amount equal to the sum resulting from the rate or percentage so certified. It further provides that the funds shall be used only for the purposes therein prescribed and shall be disbursed by the treasurer on the joint order of the chairman and secretary.

The records of the board of health show that on July 13, 1937, a resolution was adopted levying a special public

health tax at the rate of one and one-third mills on the dollar "for the purposes provided in" the act above mentioned, quoting its title, and that a certificate of levy be prepared by the secretary in the form set out in the resolution, which was accordingly done. By direction of the board, a certificate was filed with the county clerk, reciting the levy on the date and at the rate specified "for the purposes provided in" the act mentioned, again quoting its title. Neither the minutes of the board, nor the certificate of levy, shows any total amount required to be raised or any itemized separate purposes with the amounts to be used for each purpose. The secretary of the board testified that they estimated how much it would take to run and operate, including rent, employees, doctors, nurses, etc.; that they calculated the amount that would be raised by the rate and considered the loss from delinquent taxes, but made no official record of the separate purposes.

Appellant contends that under section 122 of the Revenue act, as amended, (Ill. Rev. Stat. 1937, chap. 120, par. 110,) the records of the taxing district must show the amounts and various purposes for which the levy is made. That section provides that the proper authorities of towns, townships, districts and incorporated cities, towns and villages, collecting taxes under the provisions of the act, shall annually certify to the county clerk the several amounts which they severally require to be raised by taxation, anything in their respective charters, or in acts of the General Assembly theretofore passed to the contrary notwithstanding. This portion of the section was enacted in 1873, and has remained unchanged since that time. The applicable provisions of the act pertaining to public health districts have been in force since its enactment in 1917, the rate, only, having been changed.

Under the provisions of section 122 of the Revenue act, *supra*, we held that the records of a town meeting must show the purposes for which a levy was made, and that a levy "for town purposes" was insufficient. (*Cincinnati,*

*Indianapolis and Western Railway Co.* v. *People,* 207 Ill. 566; *People* v. *Chicago and Alton Railroad Co.* 194 id. 51.) Those holdings were occasioned by the fact that the levy was a general levy authorized only by that section and was made under its provisions. We pointed out that the taxpayer is not concluded by the opinion of the voters at a town meeting as to what are legal purposes for which a levy can be made, and is entitled to know from the record that the taxes were for some purpose authorized by law. That situation, and the reason for the holding in those cases, do not obtain here. The exclusive purpose for which the levy was made, and shown by the minutes, is the creation of a fund to preserve the public health, specifically authorized by the particular statute under which it was levied, and referred to both in the minutes of the board and in the levy. The taxpayers were fully informed of the legality of the purpose by the record and by the levy. The cases relied upon are not applicable to the facts here.

It is to be noted that the statute under which the levy was made provides for a levy by rate, and that the certificate of levy shall be made in the same way. These provisions were complied with. Under similar statutes for the levy of a special tax for mothers' pensions, for blind relief and a tuberculosis sanitarium fund, we held the levies were valid. Appellant contends those statutes were each for a single specific purpose fully descriptive of the tax without itemization and are not comparable to the levy of a tax for public health purposes. It is argued that a levy for public health may be for any one of a dozen different activities and projects possibly not within the authority of the health district. The levy is, by its terms, confined to the purposes provided in the act. By section 15 the expenses to be paid from the fund are the salaries of the public health officer, the salaries of all appointees and employees, the expense of maintenance of the public health department, including therein the expense of administration of the sanitation and

health laws and ordinances. The board has power to establish and maintain a laboratory and an office, and may acquire and hold real estate and other property. The powers are no wider or more diversified than those granted directors under the County Tuberculosis Sanitarium act. Under that act, in addition to the authority to establish a sanitarium, the directors may establish branches, dispensaries and other auxiliary institutions and activities. They may purchase or lease grounds, lease or erect buildings, appoint superintendents or matrons and fix their compensation. They may extend the privileges of the institution into private homes, furnish nurses, medicines, attendance, do anything about the treatment of afflicted persons that will have a tendency to effect a cure and eradicate the disease from the county, and, in general, to carry out the spirit and intent of the act. The directors have exclusive control of the expenditure of all moneys collected to the credit of the fund created by the levy. In *People* v. *Hines,* 293 Ill. 419, and *People* v. *Wabash Railway Co.* 314 id. 432, we held that under the Tuberculosis Sanitarium act the tax for a sanitarium fund may be levied by percentage, as therein provided, and not by amount, and is, therefore, excepted from the requirement that the amount of taxes for corporate purposes must be separately stated. In *People* v. *Baltimore and Ohio Southwestern Railroad Company,* 370 Ill. 128, we said: "The reason for the exception in cases of levying taxes for mothers' pensions, tuberculosis sanitariums and blind relief, is because there is direct authority given by the legislature permitting such taxes to be levied by rate instead of amount." The proceedings and the levy and certificate sufficiently complied with the law.

The judgment of the county court is affirmed.

*Judgment affirmed.*